**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CAPITAL ONE EQUIPMENT FINANCE CORP. f/k/a ALL POINTS CAPITAL CORP., d/b/a CAPITAL ONE TAXI MEDALLION FINANCE,** <br><br> Plaintiff, <br><br> v. <br><br> **BIG 3 TAXI CORP.; CHARLEY TAXI CORP., II; ELVIN'S TAXI CORP.; EUPHORIA TAXI CORP.; HARVARD TAXI CORP.; MYSTIC TAXI CORP.; SUNRISE TAXI CORP.; TWINKY'S TAXI CORP.; ELVIN SHTAYNER; STANLEY SHTAYNER; and YASYA SHTAYNER,** <br><br> Defendants. | **Case No. 17 C 234** <br><br> **Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Capital One Equipment Finance Corp. ("Capital One") moved for and won summary judgment as to liability against the Defendants, Big 3 Taxi Corp., Charley Taxi Corp., Elvin's Taxi Corp, Euphoria Taxi Corp., Harvard Taxi Corp., Hymes Taxi Corp., Mystic Taxi Corp., Sunrise Taxi Corp., Twinky's Taxi Corp., Elvin Shtayner, Stanley Shtayner, and Yasya Shtayner, based on promissory notes and guaranties related to Defendants' defaulted-upon loans. Having won on liability, Capital One now moves for summary judgment as to damages and seeks costs and fees. (Dkt.

No. 113.) For the reasons stated herein, that Motion is granted in part and denied in part.

## I. BACKGROUND

The Court has already found in Capital One's favor on the question of liability. (*See generally* Mem. Op. & Order, Dkt. No. 98.) Though that ruling sets forth this suit's background in detail, the Court includes here a brief summary for clarity's sake.

In 2012, non-party Tri-Global Financial Services, Inc. originated loans for each of the nine Defendant companies owned by the Shtayner brothers, Elvin—who owns six of the companies—and Stanley—who owns three. Each brother executed promissory notes for the sums loaned to each of their respective companies. At the same time, each brother signed guaranties for each of their respective companies' loans. Finally, Yasya Shtayner, mother to Elvin and Stanley, signed a guaranty for all nine loans.

Tri-Global exited the picture soon thereafter, having transferred the notes and their attendant guaranties to Capital One. Then, when Defendants universally failed to pay up on the obligations reflected in the notes, Capital One initiated this action to collect what it was due. The parties filed competing motions for summary judgment as to liability, and the Court found in Capital One's favor. All that remains now is the question of damages.

On July 11, 2018, Capital One moved for summary judgment as to damages, seeking both the amounts due on the nine notes and attorneys' fees and costs accumulated via these collection efforts. (Pl.'s Summ. J. Mot., Dkt. No. 113.) The parties appeared before the Court shortly thereafter, and Defendants asked for leave to conduct damages discovery before responding to Capital One's Motion. The Court granted Defendants one month to conduct discovery and set a response deadline of September 18, 2018. (*See* Hearing Tr. 5:20-25, Dkt. No. 121.) Then, on joint motion of the parties, the Court extended that deadline to October 5th. That date came and went, yet Defendants never filed a response to Capital One's Motion. The Court must rule without it.

In its Statement of Material Facts ("SOF"), Capital One explains that prior to the November 1, 2015, maturity date, each loan was subject to an interest rate of 5.5% per year, calculated on the basis of a 360-day year comprised of twelve, 30-day months. (Capital One's SOF ¶¶ 5, 12, 19, 26, 33, 40, 47, 54, 61.) Once Defendants failed to repay the loans on the maturity date, however, Capital One became entitled under those notes' terms to collect post-maturity default interest at the "highest rate permitted by law." (*Id.* ¶¶ 7, 14, 21, 28, 35, 42, 49, 56, 63.) As each loan's payment history indicates, Capital One has chosen 9.0% as the post-maturity interest rate. (*Id.* ¶¶ 7, 14, 21, 28, 35, 42, 49, 56, 63; *accord* 815 ILCS 205/4 (setting a 9% ceiling on interest rates

agreed to in contracts governed by Illinois law).)  In addition, each note contains a late-charge provision stating that in the event the signatory fails to pay any amount within ten days of the due date for said payment, "a late charge of five cents ($0.05) for each dollar ($1.00) so overdue may be charged by the Lender." (*Id.* ¶¶ 8, 15, 22, 29, 36, 43, 50, 57, 64.)  That five-cent charge effectively amounts to a five-percent late fee on each loan's principal.

Defendants, who fail to respond to Capital One's Motion, do not dispute any of the above.  Because Defendants do not present any statements of their own controverting those set forth by Capital One, "[a]ll material facts set forth in [Capital One's] statement . . . will be deemed to be admitted."  *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015) (citing N.D. Ill. L.R. 56.1(b)(3)(C)).

Against this backdrop, Capital One provides the three summary tables reproduced below.  These tables showcase the amount due under each loan as of July 11, 2018, the date Capital One filed the instant Summary Judgment Motion.

***Amounts Due on Elvin Shtayner Company Loans***

| Borrower Defendant | Amount Due — July 11, 2018 | *Per Diem* Interest Post-July 11, 2018 |
|---|---|---|
| Big 3 Taxi Corp. | $1,261,680.69 | $250.00 |
| Charley Taxi Corp., II | $313,707.37 | $62.22 |
| Elvin's Taxi Corp. | $315,370.27 | $62.50 |
| Euphoria Taxi Corp. | $1,576,850.56 | $312.50 |
| Harvard Taxi Corp. | $315,370.27 | $62.50 |
| Twinky's Taxi Corp. | $315,370.24 | $62.50 |
| *Total:* | $4,098,349.40 | $812.22 |

***Amounts Due on Stanley Shtayner Company Loans***

| Borrower Defendant | Amount Due — July 11, 2018 | *Per Diem* Interest Post-July 11, 2018 |
|---|---|---|
| Hymes Taxi Corp. | $1,576,850.56 | $312.50 |
| Mystic Taxi Corp. | $942,793.82 | $186.94 |
| Sunrise Taxi Corp. | $1,576,850.56 | $312.50 |
| *Total:* | $4,096,494.94 | $811.94 |

***Amounts Due on All Loans***

| Loan Pool | Amount Due — July 11, 2018 | *Per Diem* Interest Post-July 11, 2018 |
|---|---|---|
| Elvin Shtayner Company Loans | $4,098,349.40 | $812.22 |
| Stanley Shtayner Company Loans | $4,096,494.94 | $811.94 |
| *Total:* | $8,194,844.34 | $1,624.16 |

(SOF ¶¶ 67-69.)

## II. <u>LEGAL STANDARD</u>

"Legal damages, like liability, can be determined via the summary judgment mechanism." *Hanover Ins. v. N. Bldg. Co.*, 751 F.3d 788, 795 (7th Cir. 2014). Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "Once a party has made a properly-supported motion for summary judgment, the nonmoving party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (quoting FED. R. CIV. P. 56(e)).

## III. <u>DISCUSSION</u>

The Court has already found Defendants liable and now because there are no genuine issues of material fact as to damages, the Court finds Capital One entitled to the following damages as a matter of law. The Court has calculated these sums by adding to the July 11, 2018, amounts the respective *per diem* multiplied by 142, the number of days between July 11th and today, November 29, 2018, the date the Court enters judgment in this case. Each guarantor—Elvin, Stanley, and Yasya—shall be jointly and severally

liable with each borrower Defendant on those loans the respective Shtayners guarantied.

### Total Damages Owed by Elvin Shtayner Companies

| Borrower Defendant | Total Amount Due as of Date of Judgment: November 29, 2018 |
|---|---|
| Big 3 Taxi Corp. | $1,297,180.69 |
| Charley Taxi Corp., II | $322,542.61 |
| Elvin's Taxi Corp. | $324,245.27 |
| Euphoria Taxi Corp. | $1,621,225.56 |
| Harvard Taxi Corp. | $324,245.27 |
| Twinky's Taxi Corp. | $324,245.24 |
| *Elvin Shtayner Personal Guaranty Total:* | $4,213,684.64 |

### Total Damages Owed by Stanley Shtayner Companies

| Borrower Defendant | Total Amount Due as of Date of Judgment: November 29, 2018 |
|---|---|
| Hymes Taxi Corp. | $1,621,225.56 |
| Mystic Taxi Corp. | $969,339.30 |
| Sunrise Taxi Corp. | $1,621,225.56 |
| *Stanley Shtayner Personal Guaranty Total:* | $4,211,790.42 |

### Total Damages Owed by Yasya Shtayner, Personal Guarantor of All Nine Loans Recited Above

| Loan Pool | Amount Due — July 11, 2018 |
|---|---|
| Elvin Shtayner Company Loans | $4,213,684.64 |
| Stanley Shtayner Company Loans | $4,211,790.42 |
| *Yasya Shtayner Personal Guaranty Total:* | $8,425,475.06 |

These calculations answer the damages question. What remains are Capital One's requests for attorneys' fees and costs. Whether a party is entitled to fees and costs under a contract is a substantive issue governed by state law, but the method of quantifying costs and fees is a procedural issue which, in

diversity cases like this one, is governed by federal law. *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1076-77 (7th Cir. 2004). In Illinois, a party is entitled to attorneys' fees only when a statute or contract specifically directs them. *Prudential Ins. Co. of Am. v. Curt Bullock Builders, Inc.*, 626 F. Supp. 159, 170 (N.D. Ill. 1985) (citations omitted) (observing that such terms could appear in the promissory note itself or in the loan agreement which accompanies it). Contracts may direct costs as well. *See Penn. Truck Lines, Inc. v. Solar Equity Corp.*, 127 F.R.D. 127, 128 (N.D. Ill. 1988), *aff'd*, 882 F.2d 221 (7th Cir. 1989).

Here, the promissory notes and the guaranties specifically direct fees and costs expended in post-default collection efforts. (*See, e.g.,* Big 3 Taxi Promissory Note, Ex. 2 to Hussain Aff., Dkt. No. 44-2 ("The undersigned, and all persons liable or to become liable on this Note, agree, jointly and severally, to pay all costs of collection, including reasonable attorneys' fees and disbursements, in case the unpaid principal balance of this Note . . . is not paid when due[.]"); Elvin Shtayner Big 3 Taxi Guaranty, Ex. 12 to Hussain Aff., Dkt. No. 44-12 (imposing on guarantor all liabilities of the borrower, including all interest and "attorneys' fees, costs and expenses of collection incurred by the Lender in enforcing any of such liabilities").) As such, the Court need only decide whether the fees and costs sought are reasonable.

When the terms of a contract entitle a party to fees and costs, that entitlement carries an implied requirement that the fees sought be "commercially reasonable," "meaning that a party's aggregate costs must be reasonable in light of the stakes of the case and the opposing party's litigation strategy." *Sellars Absorbent Materials, Inc. v. Sustainable Textile Grp., LLC*, No. 11-CV-00400, 2012 WL 2415544, at *1 (E.D. Wis. June 25, 2012) (citing *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 572 (7th Cir. 2011)). "In other words, fees are to be awarded at market value, and 'the best evidence of the market value of legal services is what people pay for it.'" *JPMorgan Chase Bank, N.A. v. PT Indah Kiat Pulp & Paper Corp. Tbk*, 729 F. Supp. 2d 1014, 1021-22 (N.D. Ill. 2010) (quoting *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996)), *aff'd sub nom. JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853 (7th Cir. 2013). Costs directed under contract must be reasonable as well. *See id.*

Capital One seeks $294,897.48 in attorneys' fees. In support of that request, Capital One submits invoices and billing sheets reflecting $283,253.98 of their sought-after sum. Defendants meet this evidence with silence, so they have clearly not identified any evidence showing that the requested fees are unreasonable. Based on the Court's review of Capital One's records, the Court sees nothing unreasonable about the $283,253.98, and so that amount

shall be awarded.  Capital One explains that the additional $11,643.50 it seeks represents legal services rendered in June 2018 but not yet paid as of this Motion's July 2018 filing date. (SOF ¶ 75; Browne Decl. ¶ 51, Dkt. No. 118.)  Presumably, those June expenses represent counsels' work on the instant Motion, which Capital One filed on July 11, 2018.  This Motion was necessary to advance the litigation, and Capital One could reasonably be expected to have accumulated some legal fees via the Motion's development.  And yet, without the aid of billing sheets attesting to that work, the Court cannot be assured these fees were reasonable (notwithstanding Defendants' failure to object).  The Court will accordingly reduce that final $11,643.50 by two-thirds, to $3,881.17, and then add that reduced amount to the earlier-described sum to reach a final fee award of $287,135.15.  *See Vocca v. Playboy Hotel of Chi., Inc.*, 686 F.2d 605, 607 (7th Cir. 1982) ("District courts have broad discretion in making attorney's fee awards.").

Capital One also seeks costs in the amount of $5,322.92.  The sole support Capital One submits for this request is a single pronouncement, recited without citation to any supporting evidence, by one of their attorneys.  (Browne Decl. ¶ 49 (stating simply that Capital One paid $5,322.92 in costs).)  This will not do.  The Court must be given some insight into the source of costs to determine their reasonableness.  It makes sense that Capital

One accrued *some* costs over the course of this nearly two-years-long litigation, but absent some documentation the Court is in no position to judge these costs with precision. Accordingly, and noting once more that Defendants do not object to the request for costs, the Court reduces Capital One's costs by two-thirds and awards $1,774.31.

One issue remains. Capital One contends that post-judgment interest should accrue on all of the amounts ordered above. The Court agrees. 28 U.S.C. § 1961 recites that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Said interest shall compound annually. 28 U.S.C. § 1961(b). Last week's average for the 1-year constant maturity treasury yield was 2.67%. U.S. Dep't of the Treasury, Daily Treasury Yield Curve Rates (Nov. 27, 2018, 1:44 PM), *https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yield*. The Court accordingly imposes that interest rate on all sums imposed by this judgment.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court grants Capital One's Motion for Summary Judgment as to damages and imposes awards against each Defendant as follows: $1,297,180.69 against Big 3

Taxi; $322,542.61 against Charley Taxi Corp., II; $324,245.27 against Elvin's Taxi Corp.; $1,621,225.56 against Euphoria Taxi Corp.; $324,245.27 against Harvard Taxi Corp.; $324,245.24 against Twinky's Taxi Corp.; $1,621,225.56 against Hymes Taxi Corp.; $969,339.30 against Mystic Taxi Corp.; and $1,621,225.56 against Sunrise Taxi Corp. Elvin Shtayner shall be jointly and severally liable for the damage awards against the first six companies, totaling $4,213,684.64. Stanley Shtayner shall be jointly and severally liable for the damage awards against the final three companies, totaling $4,211,790.42. Yasya Shtayner shall be jointly and severally liable for the damage awards against all nine companies, totaling $8,425,475.06. The Court also awards Capital One $287,135.15 in attorneys' fees and $1,774.31 in costs. This judgment shall carry a 2.67% interest rate until it is satisfied.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 11/29/2018